IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | Criminal No. 2:24-cr-00066 |
| SHAWN DENNING | | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A six-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT(S) | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine and a Quantity of a Mixture and Substance Containing a Detectable Amount of Cocaine<br><br>From June 2021 and continuing thereafter to October 2022 | 21 U.S.C. § 846 |
| Two and Three | Aiding and Abetting the Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Cocaine<br><br>November 2021 (Count Two)<br>February 2022 (Count Three) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 |

| Four | Aiding and Abetting the Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>January – February 2022 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 |
|------|------|------|
| Five | Aiding and Abetting the Distribution of 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>May 2022 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2 |
| Six | Aiding and Abetting the Attempted Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>July 2022 | 21 U.S.C. § 846 and 18 U.S.C. § 2 |

## II. ELEMENTS OF THE OFFENSES

    **A.**    **As to Count 1:**

In order for the crime of conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following essential elements beyond a reasonable doubt:

    1.    That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

    2.    That the defendant was a party to or member of that agreement.

    3.    That the defendant joined the agreement or conspiracy knowing of its

objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That methamphetamine and cocaine are Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c).

5. That the amount of the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more (21 U.S.C. § 841(b)(1)(B)(viii)) (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.     As to Counts Two through Six:**

In order to find SHAWN DENNING guilty of aiding and abetting the distribution and attempted distribution of methamphetamine and cocaine, Schedule II controlled substances, the government must prove each of the following essential elements beyond a reasonable doubt:

1. That individuals known to the United States committed the offenses charged in Counts Two through Six involving the distribution and attempted distribution of methamphetamine and cocaine by committing each of the elements of the offenses charged;

2. That SHAWN DENNING knew that the offenses charged in Counts Two through Six were going to be committed or were being committed by individuals known to the United States;

3. That SHAWN DENNING did some act for the purpose of aiding, assisting, facilitating, and encouraging individuals known to the United States in committing the offenses and with the intent that they commit the offenses; and

    4.  That SHAWN DENNING's acts did, in some way, aid, assist, facilitate, and encourage individuals known to the United States to commit the offenses.  SHAWN DENNING's acts need not themselves be against the law.

    Third Circuit Model Criminal Jury Instruction 7.02 (modified).

### III.  PENALTIES

    **A.**  **As to Count One: Conspiracy to distribute and possess with the intent to distribute 50 grams or more of mixture and substance containing a detectable amount of methamphetamine and a quantity of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. § 846); and Count Five: Aiding and abetting the distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 18 U.S.C. § 2):**

    1.  A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

    2.  A fine not to exceed $5,000,000.

    3.  A term of supervised release of at least four (4) years.

    If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

    1.  A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.  A fine not to exceed $8,000,000.

    3.  A term of supervised release of at least eight (8) years.

    **B. As to Counts Two, Three, Four, and Six:  Aiding and abetting a distribution or attempted distribution of a quantity of a mixture and substance containing a detectable amount of cocaine or methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 2):**

    1. A term of imprisonment of not more than twenty (20) years.

    2. A fine not to exceed $1,000,000.

    3. A term of supervised release of at least three (3) years.

    For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1. A term of imprisonment of not more than thirty (30) years.

    2. A fine not to exceed $2,000,000.

    3. A term of supervised release of at least six (6) years.

### IV.  MANDATORY SPECIAL ASSESSMENT

    A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  RESTITUTION

    Not applicable in this case.

### VI.  FORFEITURE

    Not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316